# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60005
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2025

Lyle W. Cayce
Clerk

Rene Camilo Carrillo-Arriaga,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A093 290 433

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Rene Camilo Carrillo-Arriaga, a native and citizen of Colombia, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60005

As an initial matter, Carrillo-Arriaga does not dispute the BIA's determination that he waived review of the IJ's denial of his withholding of removal and CAT claims. By failing to identify any errors in the BIA's analysis, he has abandoned the issue before this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The BIA's waiver ruling is a sufficient basis to deny the petition of review as to those claims. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

We review the denial of asylum for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "Under the substantial evidence standard, reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

To be eligible for asylum, an applicant must show, among other things, that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Carrillo-Arriaga has not shown that the evidence compels a conclusion contrary to that of the BIA on the question whether he showed a nexus between the harm alleged and his membership in his asserted particular social groups. *See Gonzales-Veliz*, 938 F.3d at 224; *Orellana-Monson*, 685 F.3d at 518.

Carrillo-Arriaga's failure to show the requisite nexus is dispositive of his asylum claim. *See Gonzales-Veliz*, 938 F.3d at 224. Thus, there is no need to consider his remaining arguments concerning his asylum claim. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

The petition for review is DENIED.

2